UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MEBRHATO TSEHAI, | ) | 1:05-cv-01160-OWW-TAG HC |
| Petitioner, | ) ) ) | ORDER DENYING PETITIONER'S MOTION FOR BAIL |
| v. | ) ) | (Doc. 12) |
| TERESA A. SCHWARTE, | ) ) | |
| Respondent. | ) ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is currently serving a sentence of four years in state prison for convictions under California Penal Code §§ 4501.5 (battery on a peace officer) and 4501.1 (aggravated battery by gassing). (Doc. 1, p. 1).

The instant Petition was filed on September 14, 2005. (Id.). On October 27, 2005, Petitioner filed the instant Motion for Bail on Appeal. (Doc. 12).

DISCUSSION

In his Motion, Petitioner indicates only that he is "asking for bail on appeal" in this case and that he "should be given bail." (Doc. 12, p. 1). Petitioner provides no reasons or argument supporting such a request.

The Ninth Circuit has not yet determined whether the district court has the authority to release a state prisoner on bail pending resolution of a habeas proceeding. In re Roe, 257 F.3d 1077, 1079-1080 (9th Cir. 2001.) However, even assuming a district court has this power, the exercise of such authority is reserved for extraordinary cases. Id., 257 F.3d at 1080; see also United States v.

1  Mett, 41 F.3d 1281, 1282 (9th Cir. 1994) (bail pending the resolution of a habeas corpus petition
2  filed in a district court is reserved to "extraordinary cases involving special circumstances" and
3  where there is a high probability of the petitioner's success).  A petitioner must demonstrate some
4  circumstance that makes him exceptional and especially deserving of such special treatment in the
5  interests of justice.  See Aronson v. May, 85 S.Ct. 3, 5 (1964) (Douglas, Justice, in chambers);
6  Benson v. California, 328 F.2d 159, 162 (9th Cir. 1964).  In addition to these factors, the Court must
7  take into consideration the petitioner's risk of flight and the danger to the community should he be
8  released.  See Marino v. Vasquez, 812 F.2d 499, 508-509 (9th Cir. 1987).

9        The Court has carefully reviewed Petitioner's scant motion for bail and concludes that
10 Petitioner has not met the above requirements.  First, Petitioner fails to show that there is a "high
11 probability" that his claim will succeed.  The Court as yet has not had an opportunity to conduct a
12 thorough review of the merits of Petitioner's claims, which are grounded on allegations of
13 ineffective assistance of counsel.  Any determination as to the eventual success of Petitioner's claims
14 must await such a review.  Nothing, however, in Petitioner's motion for bail addresses the likelihood
15 of his prevailing on the merits in this case and thus the Court cannot conclude at this juncture that
16 Petitioner has shown a "high probability" of success.

17       The Court notes that the Ninth Circuit Court of Appeals has indicated that "even if we found
18 that the allegations in his petition for habeas corpus made out a clear case for his release...[,]
19 [s]omething more than that is required before we would be justified in granting bail."  Benson v.
20 California, 328 F.2d 159, 162 (9th Cir. 1964).  Here, even assuming, arguendo, that Petitioner would
21 prevail on the merits of his claims, he has not shown any other special circumstances are present that
22 would justify the setting of bail. Indeed, Petitioner's motion provides no reasons or arguments
23 whatsoever supporting such a conclusion.   The Court has only Petitioner's conclusory statement that
24 he "should be given bail."  (Doc. 10, p. 1).  Standing alone, such a self-serving statement does not
25 constitute an "extraordinary circumstance" justifying release on bail.

26       Third, Petitioner indicates in his Petition that he was convicted of "gassing" law enforcement
27 personnel while incarcerated in state prison.  (Doc. 1, pp. 4-5).  While Petitioner does not explain
28 the basis for his initial incarceration, the Court must assume it was for a prior felony conviction.  In

the absence of any other evidence before the Court to support his Motion for bail, evidence that Petitioner was already incarcerated for another felony conviction at the time he was convicted of felony assault on a peace officer suggests to this Court that Petitioner's release during the pendency of this case would pose some public safety concerns.

Considering all of the foregoing factors, the Court concludes that Petitioner has failed to make a showing that he satisfies the requisite "exceptional" circumstances for granting bail in the instant case.

## **ORDER**

Accordingly, it is HEREBY ORDERED that Petitioner's Motion for Bail (Doc. 12), is hereby DENIED.

IT IS SO ORDERED.

Dated:   **September 6, 2006**                            **/s/ Theresa A. Goldner**
**j6eb3d**                                                UNITED STATES MAGISTRATE JUDGE